## UNITED STATES v. SUN.

(District Court, D. Vermont. November 2, 1896.)

CHINESE LABORER—WHAT CONSTITUTES.

The fact that a Chinese member of a trading firm lives at the store with several other members of the firm, and does the housework for them, does not constitute him a laborer, within the meaning of the registration and deportation acts of 1892 and 1893 (27 Stat. 25; 28 Stat. 7).

This was an application for an order of deportation against Suey Sun as an unregistered Chinese laborer.

John H. Senter, for the United States.

J. A. Brown, for respondent.

WHEELER, District Judge. The question here is whether the respondent is a Chinese laborer, within the meaning of the registration and deportation acts of 1892 and 1893 (27 Stat. 25; 28 Stat. 7). According to what is shown here, he was and is a member of the trading firm of Lung Kee & Co., consisting of thirteen partners, at 24 Pell street, New York, in which he has an interest of $1,000, and of whom nine, including the respondent, live at the store, and he does the housework for them, and in spare time packs goods for shipment. He is argued to be a laborer on account of these household services. In the Standard Dictionary the definition of "laborer" excludes domestic service. These services for the household of partners seem to be essentially domestic in their nature, and not for the hire that is associated with the occupation of laborers as such. Order of deportation denied, and respondent discharged.